(No. 1533—

JOHN SMITH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1931.*

R. F. TUNNELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for $12,000.00 alleged to be the value of wheat straw which claimant says he burned in the years 1921 to 1926 both inclusive. In 1920 the wheat fields in certain sections of Madison County became infected with a disease known as flag smut and the Department of Agriculture is-

sued an order directing that straw from the infected fields be burned. On July 11, 1921, the infected locality was quarantined by the Department and all wheat straw grown therein (with certain exceptions) ordered burned. On June 26, 1922, the sections affected with this disease were again quarantined by the Department, the quarantine providing that "wheat straw grown in the quarantined area shall not be moved or transported out of the quarantined area." The quarantine regulations issued that year did not require the burning of the straw. On July 18, 1924, the quarantine was lifted and there were no restrictions on the use or disposition of the straw after that date, and if claimant burned his straw that and the subsequent years he did not do it because of any requirement or regulation of the Department of Agriculture.

This claim was not filed until August 21, 1929, more than five years after the destruction of the straw burned in the years 1921, 1922 and 1923. Section 10 of the Act creating the Court of Claims provides every claim against the State shall be forever barred unless it is filed within five years after the claim first accrues. This statute bars the allowance of the claim for those years. As claimant was not required to burn his straw for the years 1924, 1925 and 1926 there is no theory on which the State can be required to pay him the value of that straw.

The quarantines above mentioned were declared under the provisions of the Plant Inspection Act of 1917. That Act did not provide for the payment of damages for the destruction of any property destroyed under its provisions to prevent the spread of plant diseases. Under its police powers the State has the right to destroy plants and animals to prevent the spread of infectious diseases and is not liable to compensate the owner for the loss suffered thereby unless the statute provides for the payment of such loss. (*Durand* v. *Dyson*, 271 Ill. 382; *Mayfield* v. *State*, 5 Ct. Cl. 226.) It follows that claimant is not entitled to any award, and the claim is denied and the case dismissed.